378 So.2d 336 (1980)
COASTAL PETROLEUM COMPANY, Appellant,
v.
MOBIL OIL CORPORATION, Appellee.
No. NN-119.
District Court of Appeal of Florida, First District.
January 11, 1980.
*337 Robert J. Angerer, Joseph C. Jacobs of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, C. Dean Reasoner of Reasoner, Davis & Vinson, Washington, D.C., for appellant.
Julian D. Clarkson, Tampa, Hume F. Coleman and F. Alan Cummings of Holland & Knight, Tallahassee, for appellee.
SHIVERS, Judge.
Coastal is the lessee from the State of Florida of three state drilling leases covering some four million acres of sovereign land. On December 16, 1964, Mobil and Coastal entered into a letter agreement which provided a method by which Mobil could earn an undivided one half interest in Coastal leases. Essentially, Mobil could earn this interest if it spent ten million dollars on the leases or if it drilled 102,000 feet of hole on the subject property. Paragraph 18 of the Letter Agreement provided in part:
"18. Should you (Coastal) suffer a failure of title to any of the areas covered by the leases during the term of this agreement, our (Mobil's) obligation hereunder shall be reduced in the proportion that the area as to which title has failed bears to the total area... ."
In 1968, litigation involving the three state drilling leases developed between Coastal and the U.S. Corps of Engineers in one action and between Coastal and the Florida Trustees of the Internal Improvement Fund in another action. These two lawsuits were consolidated and will hereinafter be referred to as the 1968 lawsuit. The 1968 lawsuit was settled on January 6, 1976, by Coastal relinquishing certain of the acreage covered by the drilling leases and by modifying its interests in other acreage covered by the drilling leases to a royalty interest. Coastal had kept Mobil aware of the progress of the lawsuit and of the settlement negotiations. After the settlement, Mobil claimed that Coastal's title had failed to the lands relinquished and modified, and further claimed that work done to that point qualified Mobil for the undivided one half interest to the lands that remained under the leases as modified.
Mobile brought suit against Coastal, seeking a declaratory judgment as to its rights under the Letter Agreement and seeking specific performance of those rights. Other issues not relevant to the disposition of this appeal were severed for separate adjudication. The matters involved on this appeal were heard before the trial judge. On January 25, 1979, the trial court announced the substance of its ruling and gave the parties the opportunity to comment on the form of the order. On January 29, 1979, the State (which is not a party to this appeal) and Coastal jointly filed an application for recusal of the trial judge based on statements the trial judge had made regarding the issues left to be tried. On February 5, 1979, the trial judge considered the application for recusal and announced on the record that he would recuse himself as to the issues not already tried, but that he would rule on the issues already tried. The final judgment appealed from was entered February 20, 1979, and the order on application for disqualification was entered February 21, 1979.
The procedure provided by Section 38.10, Fla. Stat. (1977) relates to disqualification prior to trial. Here, Coastal argues that the procedure is available after the trial court had heard the case and had announced the substance of its ruling on the merits. The order entered by the trial court recusing itself from trial of the remaining issues that had been severed for separate trial specifically reserved jurisdiction to rule on those matters previously tried. Section 38.10, Fla.Stats. (1977) was not intended to be used in the manner urged by Coastal. The trial court had the authority to enter the Final Judgment. Compare State ex rel. Cobb v. Bailey, 349 So.2d 849 (Fla.App. 1st DCA 1977).
Appellant has failed to demonstrate reversible error. The judgment is AFFIRMED.
McCORD and LARRY G. SMITH, JJ., concur.