416 So.2d 1260 (1982)
Jeffrey WEINER, Appellant,
v.
Marsha Beth WEINER, Appellee.
No. 81-1811.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
Louisa E. Hargrett of Walden & Walden, Dania, for appellant.
Henry L. Kaye of Law Offices of Kaye and Devore, West Palm Beach, for appellee.
HERSEY, Judge.
Subsequent to entering the Order on Relief Pendente Lite appealed here the trial judge recused himself upon his own motion for prejudice against appellant and his former counsel. The evidence which resulted in prejudice, a photograph of appellee and others, came to the attention of the trial judge at the hearing on the motion for temporary relief, and before the order appealed from here was entered.
We commend the trial judge for his candor and for his appropriate action. Under these circumstances, however, it is clear that the order, entered as it was after prejudice attached, is fatally tainted and must be reversed. Any other course would deny appellant due process. State v. Steele, 348 So.2d 398 (Fla. 3d DCA 1977).
As our supreme court held in State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615 (1939):
[E]very litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice.
We therefore reverse the order and remand for a new hearing on relief pendente lite.
Appellee, awarded attorneys' fees in the lower court, has moved for such an allowance here. On remand the trial court may grant a reasonable fee for this appeal upon a showing of appellee's need and appellant's ability to pay.
REVERSED and REMANDED.
GLICKSTEIN, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
The record is unclear as to whether the prejudice referred to by the trial judge existed at the time the order for temporary relief was entered. In fact, from the bareboned record available, it appears that the prejudice referred to may have arisen as a result of conduct which took place well after the order was entered. The appellant *1261 has simply failed to clearly demonstrate that the trial court was biased against him at the time the temporary relief order was entered.