434 So.2d 349 (1983)
ATRIO CONSOLIDATED INDUSTRIES, INC., Justo Atrio, Sr., Justo A. Atrio and George Atrio, Appellants,
v.
SOUTHEAST BANK, Appellee.
No. 82-2688.
District Court of Appeal of Florida, Third District.
July 19, 1983.
Richard Kanner, Miami, Sheldon Rosenberg, North Miami, for appellants.
Britton, Cohen, Kaufman & Schantz and J. Robert Olian, Miami, for appellee.
Before HENDRY, BARKDULL and HUBBART, JJ.
PER CURIAM.
The appellants, mortgagors and guarantors, appeal a summary final degree of foreclosure. The only points presented for reversal are the entry of the summary judgment while a counterclaim was pending, the entry of orders by a judge who subsequently recused himself and the validity of discovery orders. Norris v. Edwin W. Peck, Inc., 381 So.2d 353 (Fla. 5th DCA 1980); Truxell v. Truxell, 259 So.2d 766 (Fla. 1st DCA 1972); Lesperance v. Lesperance, 257 So.2d 66 (Fla. 3d DCA 1972). No other points were presented for review and therefore any issue relating to other rulings are waived.
We find no error in the entry of the summary judgment on the note and the *350 mortgage, notwithstanding the pending counterclaim.[1]Reliance Forwarding Co. v. Nilson Van & Storage, 387 So.2d 513 (Fla. 5th DCA 1980); Davar Corporation v. Tropic Land Improvement Corporation, 330 So.2d 482 (Fla. 4th DCA 1976). Nor do we find error in the trial judge's ruling on matters he had previously heard, notwithstanding a subsequent order of disqualification. Schwartz v. Schwartz, 431 So.2d 716 (Fla. 3d DCA 1983); Coastal Petroleum Company v. Mobil Oil Corporation, 378 So.2d 336 (Fla. 1st DCA 1980). Lastly, no abuse of discretion has been shown in the order relating to the disclosure matter. Burroughs Corporation v. White Lumber Sales, Inc., 372 So.2d 122 (Fla. 4th DCA 1979); Abelson v. Bosem, 329 So.2d 330 (Fla. 3d DCA 1976); Crystal Springs Water Company v. Atchison, 267 So.2d 694 (Fla. 3d DCA 1972).
Therefore the matters under review are hereby affirmed.
Affirmed.
NOTES
[1] The trial court has stayed the Foreclosure Judgment "pending further order of the court". It is assumed that this order will stay in effect pending the determination of the counterclaim.