PER CURIAM.
We grant the husband’s motion to intervene in these proceedings, whereby the wife seeks prohibition to disqualify the trial judge and to vacate the final judgment entered in the dissolution proceedings.
We grant the petition insofar as it requests the disqualification of the trial judge from further consideration of this cause.[1] Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981); § 38.10, Fla.Stat. (1983). Since the final judgment was entered after petitioner filed her motion for disqualification, it must be vacated.
As our supreme court held in State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615 (1939):
[EJvery litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the *1036 judiciary and shadow the administration of justice.
Weiner v. Weiner, 416 So.2d 1260, 1260 (Fla. 4th DCA 1982).
PETITION GRANTED.
ANSTEAD, C.J., and GLICKSTEIN and DELL, JJ., concur.

. We withhold issue of the writ of prohibition based on respondent’s representation that he will recuse himself from taking further action in this case.