JOANOS, Judge.
In this workers’ compensation case the employer and carrier, Mt. Sinai Medical Center and Gates, McDonald, All Risk Corporation, appeal from the deputy commissioner’s order denying their motion to disqualify and awarding compensation benefits, medical benefits, and attorney’s fees. Three points are raised for our review: (1) whether the deputy commissioner erred in failing to grant the motion to disqualify, (2) whether there is competent substantial evidence to support the finding that claimant is permanently and totally disabled, and (3) whether the deputy commissioner erred in his computation of the average weekly wage and the permanent total disability benefits. We affirm on all points, and have determined that only the first issue requires further discussion.
On September 13, 1981, claimant Earnestine Brown suffered a back injury in the course of her employment as a kitchen helper at Mt. Sinai Medical Center. On September 26, 1985, a hearing was held on Brown’s claim for benefits. On Oct. 8, 1985, before issuance of the deputy commissioner’s order, counsel for the employer filed a “Motion for Disqualification of Deputy Commissioner (Judge) Pursuant to Rule 1.432 of the Florida Rules of Civil Procedure.” The motion states, in relevant part, that:
the Employer fears it will not receive a fair trial before Deputy Commissioner David L. Trask where the claim is pending, on account of the prejudice of the deputy commissioner against the appli *513 cant’s attorney, John F. McMath, or in favor of the adverse party’s attorney.
The facts and the reasons for the belief are that Deputy Commissioner David L. Trask is prejudiced against the mov-ant’s attorney, John F. McMath, on the belief that John F. McMath actively participated in Deputy Commissioner David L. Trask’s failure to be recommended for reappointment by the Judicial Nominating Commissioner.
This fear that the Employer will not receive a fair trial has been intensified during the Fiftieth Workers’ Compensation Educational Conference held at Lake Buena Vista, Florida, and this Motion to Disqualify has been made within a reasonable time after discovery of the facts constituting grounds for disqualification.
This motion was supported by one affidavit submitted by a practicing attorney, who represented that she was convinced that none of the clients of John F. McMath could receive a fair hearing before Deputy Commissioner Trask due to “his bias and prejudice against attorney John F. McMath.”
In the order entered on October 23,1985, the deputy commissioner stated that the employer filed its motion for disqualification at a point when he [the deputy commissioner] had already reviewed the evidence in the cause and had begun the task of preparing the written order. The deputy commissioner determined the motion was insufficient on its face and denied the motion.
On November 13, 1985, a hearing was held on the employer’s motion to set aside the order of October 23, 1985. The motion to set aside was denied, in part due to the fact that the motion to disqualify failed to request oral argument, nor was such a request made prior to entry of the order on the merits.
Disqualification of a judge in a civil case is governed by the provisions of Florida Rule of Civil Procedure 1.432[1] and Section 38.10, Florida Statutes.[2] In Sikes v. Sea *514 board Coast Line Railroad Co., 429 So.2d 1216, 1224 (Fla. 1st DCA), rev. denied, 440 So.2d 353 (Fla.1983), this court held that the rule and the statute were to be read in pari materia, but noted it would be “inappropriate to deny a recusal motion simply because the technical requirements of section 38.10 were not satisfied.” After Sikes was decided, the supreme court, in Livingston v. State, 441 So.2d 1083 (Fla.1983), noted that since the actual process of disqualification of a judge is procedural, disqualification of a judge in criminal cases is controlled by Florida Rule of Criminal Procedure 3.230, rather than by the statute. In Caleffe v. Vitale, 488 So.2d 627, 628 (Fla. 4th DCA 1986), the court reviewed the Livingston rule and concluded that “[b]y analogy, Rule 1.432 would supplant the procedural requirements of the statute in a civil case.” At any rate, the reviewing court is not called upon to determine whether the technical requirements of Section 38.10 have been met, until it has been determined that the facts alleged in the motion are sufficient to support disqualification. Mobil v. Trask, 463 So.2d 389, 390, f.n.l (Fla. 1st DCA), rev. denied, 476 So.2d 674 (Fla.1985).
When used with reference to a motion to disqualify,
[t]he term “legal sufficiency” encompasses more than mere technical compliance with the rule and the statute; the court must also determine if the facts (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.
Gieseke v. Grossman, 418 So.2d 1055, 1057 (Fla. 4th DCA 1982).
Thus, a party seeking disqualification must allege sufficient underlying facts to show “a well-grounded fear that he or she will not receive a fair trial at the hands of the judge.” Caleffe v. Vitale, 488 So.2d at 628. The judicial inquiry must focus on the reasonableness of the affiant’s belief that the judge is prejudiced, and the sufficiency of the attested facts supporting the suggestion of prejudice. See Livingston v. State, 441 So.2d at 1087. In Caleffe v. Vitale, the facts recited by the movant established that the opposing attorney was at that time running the judge’s ongoing reelection campaign. In addition, the mov-ant placed in evidence a letter the opposing attorney had written to the judge explaining why the attorney had requested a hearing before the judge on a motion for contempt — as opposed to a hearing before a general master. The court found the tenor of the letter indicated the existence of a special relationship between the judge and the attorney that would reasonably substantiate the movant’s fear that he would not receive a fair trial.
In the instant case, the motion for disqualification alleges in conclusory terms that the deputy commissioner is prejudiced against the employer’s attorney. The basis of that prejudice was asserted to be the deputy commissioner’s belief that the employer’s attorney actively participated in the deputy commissioner’s failure to be recommended for reappointment by the Judicial Nominating Commission. The motion further alleges that the fear that “the Employer will not receive a fair trial has been intensified during the Fiftieth Workers’ Compensation Educational Conference.” Unlike the motion in Caleffe v. Vitale, this motion does not recite the facts which gave rise to counsel’s belief that the deputy commissioner is prejudiced against him. Instead, counsel seemingly bases his belief that the deputy commissioner is prejudiced against him on counsel’s own belief that the deputy commissioner believes that counsel acted to deter the deputy commissioner’s reappointment.
The employer and carrier have cited Wishoff v. Polen, 468 So.2d 1035 (Fla. 4th DCA 1985) and Weiner v. Weiner, 416 So.2d 1260 (Fla. 4th DCA 1982), for the *515 proposition that an order entered after the motion to disqualify was filed (Wishoff) or after the prejudice attached (Weiner), must be reversed. Wishoff and Weiner are distinguishable from the instant case, however, on two grounds. First, the deputy commissioner had decided the merits of the case before the motion to disqualify was filed. See Coastal Petroleum Company v. Mobil Oil Corporation, 378 So.2d 336 (Fla. 1st DCA), cert. denied, 386 So.2d 635 (Fla.1980). Second, and of greater significance than the timing of the motion to disqualify is the fact that the motion does not provide a factual basis for recusal. The motion is legally insufficient, because it fails to “allege the facts relied on to show the grounds for disqualification.” Fla.R.Civ.P. 1.432(b).
Therefore, the order is AFFIRMED.
SMITH and WIGGINTON, JJ„ concur.

. Fla.R.Civ.P. 1.432 provides:
Rule 1.432. Disqualification of Judge
(a) Grounds. Any party may move to disqualify the judge assigned to the action on the grounds provided by statute.
(b) Contents. A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be verified by the party.
(c) Time. A motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification.
(d) Determination. The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
(e) Judge’s Initiative. Nothing in this rule limits a judge’s authority to enter an order of disqualification on the judge’s own initiative.

. s. 38.10, Fla.Stat., provides:
38.10 Disqualification of judge for prejudice; application; affidavits; etc. — Whenever a party to any action or proceeding, shall make and file an affidavit that he fears that he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of said court against the applicant, or in favor of the adverse party, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes where the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists, and such affidavit shall be filed not less than 10 days before the beginning of the term of court, or good cause shown for the failure to so file same within such time. Any such affidavit so filed shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith, and the facts stated as a basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the county not of kin to defendant or counsel for the defendant; provided, however, that when any party to any action shall have suggested the disqualification of a trial judge and an order shall have been made admitting the disqualification of such judge and another judge shall have been assigned and transferred to act in lieu of the judge so held to be disqualified the judge so assigned and transferred shall not be disqualified on account of alleged prejudice against the party making the suggestion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties, and if such judge shall hold, rule, and adjudge *514 that he does stand fair and impartial as between the parties and their respective interests he shall cause such ruling to be entered on the minutes of the court and shall proceed to preside as judge in the pending cause. The ruling of such judge may be assigned as error, and be reviewed as are other rulings of the trial court.