497 So.2d 240 (1986)
Anne Marie FISCHER, Petitioner,
v.
Honorable Francis X. KNUCK, Respondent.
No. 67590.
Supreme Court of Florida.
November 6, 1986.
*241 Frumkes and Greene, P.A., Miami, and Patrice A. Talisman of Daniels & Hicks, P.A., Miami, for petitioner.
Jim Smith, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., Miami, for respondent.
Bonnie Blaire of Blaire & Cole, Coral Gables, for Gary Fischer, intervenor.
OVERTON, Justice.
This is a petition to review an order of the Third District Court of Appeal which denied a writ of prohibition seeking to preclude a trial judge from entering a final judgment in a dissolution proceeding, 474 So.2d 225. The question concerns the trial judge's authority to enter a written judgment on a matter tried and orally ruled upon prior to the filing of a motion for disqualification. We find conflict with Wishoff v. Polen, 468 So.2d 1035 (Fla. 4th DCA 1985),[*] and approve the district court decision.
The respondent, Circuit Judge Francis X. Knuck, presided over a dissolution proceeding involving the petitioner, Anne Marie Fischer. Evidence was taken over a two-day period, and final arguments were heard on a third day. Five days after the judge announced his decision on the merits, and twelve days after the testimony ended, Fischer filed a motion for disqualification of the judge. As grounds for disqualification, the motion asserted that (1) the judge refused to admit certain testimony believed by the petitioner to be material to the case; (2) the judge's behavior was unusual in that he refused to look at the petitioner or her attorney, and kept his eyes averted from all persons in the courtroom who appeared on the petitioner's behalf; (3) the case proceeded on three different days rather than the original two days set for trial; and (4) Judge Knuck remarked that the case was affecting his health and that he had rescheduled final arguments because of that fact. Additionally, petitioner's supporting affidavit contained descriptions of the judge's facial expressions and "non-verbal behavior" during the trial. For example:
Judge Knuck, over a three-day period of time, refused to look at me. He refused to meet the eyes of my witnesses and stared at the floor during my testimony. I am unable to verbally describe Judge Knuck's demeanor throughout the trial other than to say that he was visibly uncomfortable, ill at ease, uninterested in my testimony or that of my witnesses.
Counsel filed with the motion a certificate of good faith. After the motion was filed, Judge Knuck questioned its legal sufficiency and the good faith of Fischer's attorney in filing it. Fischer's attorney responded by making an ore tenus motion for disqualification. The judge refused to rule on either motion, but announced he would voluntarily recuse himself, and did so, after signing the final judgment in accordance with his previously announced judgment in the case. Petitioner filed her petition for writ of prohibition in the Third District Court of Appeal, which denied the writ on the authority of Atrio Consolidated Industries, Inc. v. Southeast Bank, 434 So.2d 349 (Fla. 3d DCA 1983), and Schwartz v. Schwartz, 431 So.2d 716 (Fla. 3d DCA 1983). The district court noted apparent conflict with Wishoff v. Polen, 468 So.2d 1035 (Fla. 4th DCA 1985).
Petitioner contends in these proceedings that the motion was legally sufficient and respondent was required to disqualify himself immediately without regard to the fact *242 that he had previously announced his judgment after hearing all the evidence in the case. Furthermore, petitioner claims that, even if the motion was legally insufficient, the judge, by questioning the factual allegations in the affidavit and the good faith actions of petitioner's attorney in filing the motion, provided additional grounds requiring his immediate disqualification. Petitioner argues that Wishoff controls. In Wishoff, the Fourth District Court of Appeal granted a petition for writ of prohibition, finding that "[s]ince the final judgment was entered after petitioner filed her motion for disqualification, it must be vacated." 468 So.2d at 1035. We note that the opinion does not reflect whether the trial judge had previously announced his judgment on the merits. Similar holdings appear in Weiner v. Weiner, 416 So.2d 1260 (Fla. 4th DCA 1982), and Gilmer v. Shell Oil Co., 324 So.2d 171 (Fla. 2d DCA 1975).
We find it appropriate to restate the principles governing disqualification of judges, as set forth in Livingston v. State, 441 So.2d 1083, 1086-87 (Fla. 1983):
In Florida, there are four separate expressions concerning the disqualification of trial judges, which are set forth in: (1) The Code of Judicial Conduct Canon 3-C; (2) section 38.10, Florida Statutes (1981); (3) Florida Rule of Criminal Procedure 3.230, which was adopted verbatim by this Court from a former statute, section 911.01, Florida Statutes (1967); and (4) Florida Rule of Civil Procedure 1.432.
The Code of Judicial Conduct sets forth basic principles of how judges should conduct themselves in carrying out their judicial duties. Canon 3-C(1) states that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned... ." This is totally consistent with the case law of this Court... .
... The requirements set forth in section 38.10, Florida Statutes (1981), Florida Rule of Criminal Procedure 3.230, and Florida Rule of Civil Procedure 1.432 were established to ensure public confidence in the integrity of the judicial system as well as to prevent the disqualification process from being abused for the purposes of judge-shopping, delay, or some other reason not related to providing for the fairness and impartiality of the proceeding. The same basic requirements are contained in each of these three processes. First, there must be a verified statement of the specific facts which indicate a bias of prejudice requiring disqualification. Second, the application must be timely made. Third, the judge with respect to whom the motion is made may only determine whether the motion is legally sufficient and is not allowed to pass on the truth of the allegations. Section 38.10 and Florida Rule of Criminal Procedure 3.230 also require two affidavits stating that the party making the motion for disqualification will not be able to receive a fair trial before the judge with respect to whom the motion is made, as well as a certificate of good faith signed by counsel for the party making the motion.
Florida Rule of Civil Procedure 1.432, rather than the statute, controls the disqualification process, see Livingston, and we find that petitioner's motion and affidavit fulfill the procedural requirements of rule 1.432. With regard to the merits of petitioner's motion, the law is well established that the asserted facts must be "reasonably sufficient" to create a "well-founded fear" in the mind of a party that he or she will not receive a fair trial. See State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939); State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695 (1938). A verified motion for disqualification must contain an actual factual foundation for the alleged fear of prejudice. Wilson v. Renfroe, 91 So.2d 857 (Fla. 1956); Wyman v. Reasbeck, 436 So.2d 1112 (Fla. 4th DCA 1983). We find that petitioner's subjective fears, as alleged, are not "reasonably sufficient" to justify a "well-founded fear" of prejudice. To the contrary, the allegations are frivolous and appear designed to frustrate the process by which petitioner suffered an adverse ruling.
*243 In addition, the motion was not timely. Rule 1.432 requires that a motion to disqualify be made within a reasonable time after discovering the facts upon which the motion is based. The instant motion was filed eleven days after all the testimony had been taken and five days after the judge had announced his ruling. One of the purposes of the timeliness requirement is to avoid the adverse effect on the other party to the proceeding and the problems of a retrial with its resulting costs and delay. A motion for recusal is considered untimely when delayed until after the moving party has suffered an adverse ruling unless good cause for delay is shown. Data Lease Financial Corp. v. Blackhawk Heating & Plumbing Co., 325 So.2d 475 (Fla. 4th DCA 1975). When a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing. Atrio; Schwartz; Coastal Petroleum Co. v. Mobil Oil Corp., 378 So.2d 336 (Fla. 1st DCA), cert. denied, 386 So.2d 635 (1980). However, any substantive change in the trial judge's ruling would not be a ministerial act. In the instant case, despite the fact that virtually every incident contained in the motion occurred during the evidentiary portion of the proceeding, which concluded on April 4, no mention was made of these concerns at final arguments on April 11, at which time the judge announced his ruling. Further, the asserted bias and prejudice did not "dawn on" petitioner until she suffered the adverse ruling by the judge. In these circumstances, the motion was not timely filed and the judge clearly had the authority to reduce his ruling to writing subsequent to the filing of the motion for disqualification. To the extent Wishoff, Weiner, and Gilmer would forbid the trial judge's action in this circumstance, we overrule those decisions.
For the reasons expressed, we approve the district court's order denying the petition for writ of prohibition. We find the motion for disqualification legally insufficient, frivolous, and untimely. It would appear that the motion for disqualification was being used to frustrate a final decision in this dissolution of marriage action.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.