557 So.2d 595 (1990)
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellant,
v.
Alan B. TARR, Appellee.
No. 88-0945.
District Court of Appeal of Florida, Fourth District.
January 24, 1990.
Rehearing and Certification Denied March 30, 1990.
David S. Romanik of Romanik and Lavin, Hollywood, and Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, for appellant.
Karen J. Haas and Joseph A. Lowe of Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellee.
LETTS, Judge.
At a contempt hearing, the trial judge refused to allow the bank, which brought contempt proceedings against an attorney, to complete its case. Instead, the trial judge dismissed the proceedings and simultaneously recused himself.[1] We reverse.
In our view, the outcome is controlled by Barnett Bank of St. Lucie County v. Garrett, 468 So.2d 467 (Fla. 4th DCA 1985), wherein we held that "the trial judge erred when he entered an order granting appellee's motion for leave to file a counterclaim, simultaneously with his order of recusal." The attorney/appellee in the case sub judice, argues that Garrett relied on an earlier decision, Weiner v. Weiner, 416 So.2d 1260 (Fla. 4th DCA 1982), which our supreme court overturned in Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). However, there is a distinction. In Fischer v. Knuck, it is clear that the trial judge's ruling was not rendered simultaneously *596 with the recusal and the trial judge's written order in that case was but a reduction of an earlier adverse oral ruling made prior to the recusal.
The attorney also argues that the trial judge's recusal referred only to the other defendant and not to him. We disagree. At one point, the judge remarked:
You know, I'm not  At this point I'm not doing anything further IN THIS SUIT, so I can have the wonderful luxury of expressing to you the fact that Bay View should pay this money. (emphasis supplied.)
The "suit" of necessity encompasses both defendants.
As a consequence, we reverse the trial judge's ruling dismissing the contempt proceedings and remand this cause for a new evidentiary hearing.
In view of this holding, it is unnecessary to set forth all the facts and ramifications of the trial judge's additional ruling that denied the bank the opportunity to complete its presentation. Suffice it to say, that too was error. See In re Estate of McCoy, 445 So.2d 680 (Fla. 2d DCA 1984); Carmichael v. Shelley Tractor and Equipment Co., 300 So.2d 298 (Fla. 4th DCA 1974).
REVERSED AND REMANDED.
HERSEY, C.J., and DELL, J., concur.
NOTES
[1] The correctness of the trial judge's decision to recuse himself is not raised on appeal.