PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage. Appellant raises six points on appeal. We address only one.
The parties agreed by joint stipulation to attend three successive weeks of counseling to determine whether the marriage was irretrievably broken, and to reconvene on September 5, 1989, to determine only the issue of dissolution. On August 30, 1989, appellant filed a motion to disqualify the trial judge, which he presented at the beginning of the dissolution hearing.
The trial judge refused to examine the motion, finding that:
It would be unfair and improper to allow the [appellant] to present [the] Motion prior to the agreed Hearing since it was an obvious attempt to use the Court to unilaterally change the provisions of the [agreed] Stipulation and Order. This attempt was prompted by the [appellant’s] knowledge of the outcome of the counseling sessions.
5. Moreover, Florida Rule of Civil Procedure 1.432(c) requires a Motion to Disqualify be made within a reasonable time after discovery of the facts constituting grounds for the disqualification. Just prior to the Court’s Order of August 1, *540 1989, the [appellant] had refused the Trial Judge’s offer to disqualify himself from the case. Instead, [appellant] pleaded with the Court to implement the counseling agreement. A stay was also ordered. This Court [has] taken no action nor reviewed any document since the [appellant] had asked for the agreement. Therefore, to examine the Motion for Disqualification prior to ruling on the dissolution would be in direct contradiction of the Stipulation and Order of August 1, 1989, which, inter alia, implemented a stay of all proceedings until after this hearing.
After receiving evidence, the trial court determined that the marriage was irretrievably broken and granted final judgment of dissolution. Thereafter, the trial judge found the motion for disqualification legally sufficient and disqualified himself as to any other issue.
Appellant challenges the trial judge’s refusal to disqualify himself from the dissolution hearing. We affirm on the ground that the motion for disqualification was not legally sufficient on its face.
To determine whether a motion for disqualification and its supporting documents are legally sufficient, the court must determine not only whether the literal requirements of section 38.10 and rule 1.432 have been met, but also whether the motion contains an actual factual foundation for the alleged fear or prejudice. Fischer v. Knuck, 497 So.2d 240 (Fla.1986).
Additionally, this court stated in Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981) that the court must take as true the facts alleged and determine whether, upon these facts, a reasonably prudent person would fear that he would not get a fair and impartial trial.
The test of the sufficiency of the affidavit is whether or not its content shows that the party making it has a well-grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant’s mind, and the basis for such feeling.... [The trial judge] cannot pass on the truth of the allegations of fact. If they are not frivolous or fanciful, they are sufficient to support a motion to disqualify on the ground of prejudice.
Id. at 556 (quoting State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 697-98 (1938)).
In Fischer, the motion for disqualification alleged the following grounds:
(1) that the judge refused to admit certain testimony believed by the petitioner to be material to the case; (2) that the judge’s behavior was unusual in that he refused to look at the petitioner or her attorney, and kept his eyes averted from all persons in the courtroom who appeared on the petitioner’s behalf; (3) that the case proceeded on three different days rather than the original two days set for trial; and (4) that the judge remarked that the case was affecting his health and that he had rescheduled final arguments because of that fact.
Id. at 241.
The supreme court held that those subjective fears were not “reasonably sufficient” to justify a “well-founded fear” of prejudice. “To the contrary, [the court noted], the allegations are frivolous and appear designed to frustrate the process by which petitioner suffered an adverse ruling.” Fischer at 242.
As grounds for disqualification in this case appellant alleged:
1. That the trial judge had failed to ‘reprimand obvious misconduct by adverse counsel,’ specifically: adverse counsel’s lack of candor toward the tribunal, his making of false statements to the tribunal, his failure to disclose a material fact to the tribunal and his attempt to bring a court spectator into the case as a witness.
2. That the trial judge allowed opposing counsel to call up on motion calendar, the day before final hearing, a. motion to withdraw when he knew that appellant was preparing to argue opposing counsel’s fraud on that day.
*541 3. That the trial judge entered a stay on August 1, 1989, for which there was no legal basis, which precluded him from having his pretrial motions heard; specifically, the July 5, 1989 order which awarded appellee $3,000 in costs.
4. That before deciding to enter the above stay the trial judge solicited opinions from appellee’s prior counsel, present counsel, and the guardian ad li-tem.
5. That the hearing on September 5, 1989 was limited to one issue.
However, none of these allegations are sufficient to justify a well-founded fear in appellant’s mind that he would not receive a fair trial. As in Fischer, the allegations are meritless and appear designed to frustrate dissolution of the marriage.
We have considered the other points raised by appellant and find them to be without merit.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.