596 So.2d 117 (1992)
AIRBORNE CABLE TELEVISION, INC., a Florida corporation, James J. Boczar, P.A., and James J. Boczar, Appellants,
v.
STORER CABLE TV OF FLORIDA, INC., a Florida corporation, Appellee.
No. 91-00887.
District Court of Appeal of Florida, Second District.
March 13, 1992.
James J. Boczar of James J. Boczar, P.A., Sarasota, for appellants.
Terry S. Bienstock and Philip J. Kantor of Bienstock & Cunningham, P.A., Miami, and John P. Harllee, III, and Kimberly A. Bald of Harllee, Porgess, Hamlin & Hamrick, P.A., Bradenton, for appellee.
FRANK, Judge.
Airborne Cable Television, Inc., and its attorney, James J. Boczar, appeal from an order granting the motion of plaintiff Storer Cable TV of Florida, Inc., for attorney's fees. We reverse the order, which was entered when the judge was faced with a pending motion for disqualification.
Storer sued Airborne for tortious interference with a business relationship, Florida R.I.C.O. Act violations, and unjust enrichment. Airborne retaliated with antitrust counterclaims against Storer and other defendants, alleging conspiracy and monopolization. Among those sued were Storer's lawyer and her law firm, the general manager of Storer's cable system in Sarasota and Manatee Counties, Storer's commercial accounts manager for that same district, another cable company, and other unnamed coconspirators. Storer moved to dismiss and to strike the counterclaim as a sham pleading, and the other defendants moved to dismiss. Two days after a hearing on those motions, Airborne voluntarily dismissed the counterclaim as to all parties except Storer. Storer and the other counterdefendants then moved for attorney's fees, under section 57.105, Florida Statutes, for the filing of what they contended was a counterclaim completely devoid of justiciable issues of law or fact. At a hearing on September 5, 1990, the judge granted Storer's motion to dismiss, held that the motion to strike was moot, and held that Airborne's voluntary dismissals rendered the other motions to dismiss moot. The judge did not rule on the attorneys' fees issue at that time. Eight days later Airborne filed a motion to disqualify the judge on the grounds that he was biased *118 against Airborne and that he had ex parte communications with Storer's lawyers, resulting in Storer's advance knowledge of the outcome of the motions to dismiss.
The motion to disqualify the judge was filed on September 13, 1990 and it was heard on September 15, 1990. On November 2, 1990 the judge granted Storer's motion for attorney's fees and assessed over $17,000 against the company and its lawyer. Not until November 6, 1990 did the judge recuse himself.
Had the trial judge followed the more prudent course, he would have taken no further substantive action once aware of the recusal motion and before having acted upon it. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990); Stimpson Computing Scale Co., Inc. v. Knuck, 508 So.2d 482 (Fla. 3d DCA 1987); see also Barnett Bank of South Florida, N.A. v. Tarr, 557 So.2d 595 (Fla. 4th DCA 1990) (simultaneous entry of orders of dismissal and recusal error).
Storer contends, however, that the judge acted properly because he had heard argument on the attorneys' fee issue before the motion for recusal was filed. In support of its claim Storer relies upon Fischer v. Knuck, 497 So.2d 240 (Fla. 1986), a case that modified an earlier stated absolute prohibition against the entry of any orders by a judge who had effected recusal. See Wishoff v. Polen, 468 So.2d 1035 (Fla. 4th DCA 1985); Gilmer v. Shell Oil Co., 324 So.2d 171 (Fla. 2d DCA 1975). The outcome in Fischer was based upon a distinctly different procedural setting. The trial court had entertained and received evidence on an issue, had orally pronounced a ruling, and was then presented with a disqualification motion. Our supreme court held it permissible for the judge to rule on the pending matter before deciding the propriety of recusal based upon the particular circumstance expressed below:
When a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing. However, any substantive change in the trial judge's ruling would not be a ministerial act.
497 So.2d at 243 (emphasis added). Our case is distinguishable, however, for lack of the critical oral ruling preceding the act of recusal. The disqualification motion in the present matter was filed before the judge had indicated how he would determine the fee issue. The subsequent entry of the fee order cannot be denominated a "ministerial act" undertaken in fulfillment of an earlier ruling.
Storer has argued for a more expansive reading of Fischer and has relied upon Atrio Consolidated Industries, Inc. v. Southeast Bank, 434 So.2d 349 (Fla. 3d DCA 1983), and Coastal Petroleum Co. v. Mobil Oil Corp., 378 So.2d 336 (Fla. 1st DCA), cert. denied, 386 So.2d 635 (1980), in support of its position. Indeed, those cases do contain some broad language. For example, in Atrio the court stated, "Nor do we find error in the trial judge's ruling on matters he had previously heard, notwithstanding a subsequent order of disqualification." 434 So.2d at 350. We cannot discern from Atrio, however, when the motion to disqualify was filed or whether the judge had orally indicated how he would rule before considering the recusal motion. In Coastal Petroleum, the court, faced with the motion for disqualification, specifically retained jurisdiction to rule upon those matters already tried but severed out those he had not heard. Furthermore, he had already announced the substance of his ruling. The instant proceeding is without either specific retention of jurisdiction or a clear, oral indication by the judge of his intended ruling. We note also that both Atrio and Coastal Petroleum were decided before Fischer and were in fact referred to by the supreme court in announcing the rule quoted above. Thus, any attempt to read those cases more broadly than is contemplated by Fischer is mistaken.
The original basis for Airborne's motion for disqualification of the trial judge was that he was biased against Airborne, and his alleged prejudice was evident from ex parte communications between the judge *119 and Storer's counsel so that Storer knew in advance that its motion to dismiss would be granted. That foreknowledge enabled Storer to file its motion for attorneys' fee even before the judge had decided to dismiss the counterclaim against it. The merits of those contentions are not before us and we do not comment on them at this time. We do note, however, that a sequence of events such as those at hand can create at least an appearance of impropriety. For instance, the entry of the recusal order four days following the attorneys' fee award could lead to the belief that the judge might have delayed disqualifying himself so that he could rule in Storer's favor on the attorneys' fee issue. The unfortunate appearance, and we emphasize only the "appearance," of impropriety was perpetuated when the judge, after he had disqualified himself, ruled some months later on Airborne's motion for rehearing of the attorneys' fee order. To avoid such perceptions and to maintain the integrity of the judiciary in the eyes of the public and of litigants, strict adherence to the appropriate procedure for dealing with recusal must be demanded.
Reversed and remanded for further proceedings in conformity with this opinion.
LEHAN, A.C.J., and PATTERSON, J., concur.