PER CURIAM.
We affirm orders denying both a motion to remove a court-appointed guardian and a motion to disqualify the probate judge who made the appointment.
In December 1989, during a vacation with his wife Yolanda, Canadian citizen Edwin Ballard (ward) became ill and was rushed to a Miami hospital. Ward’s three adult children, unrelated to Yolanda, requested that Florida attorney Paul Cowan initiate guardianship proceedings. In January 1990, Judge Harold G. Featherstone appointed Cowan ward’s temporary guardian. Mary Elizabeth Flynn, ward’s daughter, advanced the guardian $7,500 for fees and costs. The board of directors of the corporation in which ward was a majority stockholder advanced the guardian an additional $50,000 for expenses incurred in connection with ward’s illness, and for the payment of attorney’s fees. All payments were placed in a trust account. In February, Judge Featherstone issued the order under review, determining ward’s total incapacity and appointing Cowan plenary guardian. That order specifically rejected ward’s wife’s claim that an irreconcilable conflict of interest existed based upon the money advanced, by ward’s daughter and the corporation. We agree with the trial court that no conflict of interest was demonstrated.
No employment agreement existed between the guardian and ward’s daughter or the corporation. Letters dated January 16 and 17, 1990, from attorneys representing ward’s company to the guardian’s law office merely discuss fee arrangements and funds available for guardianship purposes:
As his solicitor and guardian you are required to expend such amounts on his behalf as you deem necessary for his care. We agree with your decision in respect of retaining nursing care on a 24 hour basis and on the issue of police security so as to ensure no disruptions which would affect Mr. Ballard’s health and well being.
[[Image here]]
You have also indicated that your fee as solicitor and guardian would be taken out of these funds.
* * Sc * * *
We propose that $50,000 be placed in the trust account for Miller Thomson and upon receipt of invoices or other evidence of expenses (to be telefaxed from you to us) we would wire to your trust account funds required to pay such bills for nursing care and security and any other expenses you deem necessary for his care_ Although your fees will ultimately be payable by Mr. Ballard person *1308 ally, access to his personal funds is restricted at present and we do not wish to risk the possibility that the $50,000 be consumed immediately by fees leaving no amounts to pay other expenses some of which may be recouped through medical insurance.
The guardian’s acceptance of the payments represented neither a breach of fiduciary duty nor conflict of interest on the part of the guardian. Section 744.309(3), Florida Statutes (1991), discusses who may be appointed as guardian of a ward. This section establishes without question that the conflict of interest which prohibits a guardian’s appointment is a conflict between the guardian and the ward. No such conflict existed here. The guardian’s appointment was in no way conditioned upon his undertaking to legally represent or perform obligations for the parties advancing the funds. See § 744.446, Fla.Stat. (1991).
After failing in her attempts to stop the trial court from appointing Cowan guardian, ward’s wife next moved to disqualify Judge Featherstone who had retired two weeks after issuing the guardianship order under review. She also sought to have vacated all his orders related to the guardianship proceedings. She based her claim upon the guardian’s participation in the judge’s retirement luncheon in the weeks immediately preceding the guardian’s appointment.
In order to determine whether a motion to disqualify a trial judge is legally sufficient, “[a] determination must be made as to whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.” Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983) (quoting State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697 (Fla.1938)); see also MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1334-35 (Fla.1990); Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986). Here, the disqualification claim was predicated entirely upon the guardian’s participation in a testimonial retirement luncheon, sponsored by the Dade County Bar Association. Further, according to the retired judge’s own deposition, at the time of the guardian’s appointment, the judge had no knowledge or recollection of the guardian’s involvement in the luncheon. The motion to disqualify, heard by a circuit court judge appointed from another circuit, determined that the facts alleged were legally insufficient to order the disqualification sought. We agree and find neither disqualification of the trial judge nor vacation of his orders was necessary or proper.
The other points raised by appellant are without merit. Accordingly, the orders under review are affirmed.
ON MOTION FOR REHEARING DENIED
Appellant’s motion for rehearing en banc or certification is hereby denied. We adhere to our decision and opinion with this supplemental opinion.
Appellant moves for rehearing arguing, inter alia, that Judge Featherstone should have disqualified himself retroactively from guardianship proceedings involving attorney Paul Cowan, who, contemporaneously, was assisting in arrangements for a testimonial luncheon to be held in honor of the Judge’s retirement. Further, appellants argue that this testimonial luncheon was a clear violation of the criminal law of Florida which, if enforced, would have subjected the Judge, appellee, and every attorney who contributed to his testimonial, to a maximum one-year jail sentence and $1,000 fine, due to the contributions made by the attorneys and the gifts given to, and accepted by the Judge. See § 111.012(2)(e), (f), Fla.Stat. (1991). We cannot agree.
After an extensive review of the record on appeal, we have come to the inescapable and incontrovertible conclusion that it was not necessary, or possible, for Judge Feath-erstone to disqualify himself from the proceedings, because he was completely unaware of Paul Cowan’s participation in the testimonial luncheon in his honor until well after the judge had appointed him as guardian. The relevant sequence of events, as established by the evidence, and as found by the trial court in its order denying appellant’s motion to disqualify, *1309 are as follows: On or about January 10, 1990, Cowan, as a member of the Dade County Bar Association Probate and Guardianship Committee was asked by a fellow committee member to assist in forming an ad hoc subcommittee to make arrangement for a retirement luncheon for Judge Featherstone. On January 11, 1990, pursuant to a petition filed by Cowan, Judge Featherstone appointed Cowan as the Emergency Temporary Guardian for Edwin Harold Ballard. On February 2 and 5, 1990, trial was held to determine Ballard’s capacity and for appointment of guardian. Thereafter, on February 12, 1990, Judge Featherstone entered an order determining Ballard to be totally incapacitated and appointing Cowan plenary guardian.
Judge Featherstone testified in his deposition:
Q. Judge, could you tell us to the best of your recollection when you first learned that Paul Cowan was involved in any matter whatsoever with your retirement luncheon.
[[Image here]]
A. My first recollection of when I learned that Paul Cowan was on the Committee was at the luncheon. And I was rather surprised to find that Paul Cowan was on the Committee.
(Emphasis added).
Additionally, in its order the trial court found:
(5) From the day that Paul M. Cowan’s participation was solicited to assist in organizing the luncheon until February 22, 1990, the actual date of the luncheon, the evidence is clear that Paul M. Cowan had no communication with Judge Feath-erstone or any member of Judge Feath-erstone’s family regarding the luncheon or related events. Although Paul M. Co-wan’s name appeared as a contact person for the Probate and Guardianship Section, the evidence is uncontroverted that Mr. Cowan did not write any letters, make any telephone calls, solicit any funds or gifts for Judge Featherstone or the luncheon committee.
Thus, the evidence establishes, clearly and convincingly, that Judge Featherstone, prior to February 22, 1990, was completely unaware of Cowan’s participation in his retirement luncheon. As a result, no reasonable basis for disqualification of Judge Featherstone exists, and a reasonably prudent person knowing these facts could not reasonably question his impartiality.
Finally, appellant’s assertion that the. Judge, appellee, and every attorney who contributed to the Judge’s testimonial luncheon would have been subject to criminal prosecution, under section 111.012(2)(e), (f), Florida Statutes (1991), but for the running of the statute of limitations, is not only presumptuous but also unmeritorious. As noted by the trial court, the contributions made by the participants in the luncheon were minimal and were used by the committee to purchase gifts for the Judge, including a camcorder and various travel and store certificates. However, Canon 5 of the Code of Judicial Conduct states in relevant part:
C. Financial Activities.
(4) A judge should not accept a gift, bequest, favor, or loan from anyone except as follows:
(a) a judge may accept a gift incident to a public testimonial to him....
Accordingly, the motion for rehearing is denied.