957 So.2d 1201 (2007)
Nancy RODRIGUEZ, and Fernando Rodriguez, Petitioners/Cross-Appellants,
v.
FERNWOODS CONDOMINIUM ASSOCIATION # 2, INC., and Miriam Diaz-Octubre, Respondents/Cross-Appellees.
Nos. 3D06-1030, 3D06-867.
District Court of Appeal of Florida, Third District.
April 11, 2007.
Martin A. Feigenbaum, Miami, for petitioners/cross-appellants.
Manzini & Associates and Nicolas A. Manzini for appellee, Miriam Diaz-Octubre.
Before FLETCHER, RAMIREZ, and WELLS, JJ.
WELLS, J.
We have for review a consolidated cross-appeal and petition for writ of certiorari challenging the same post-judgment order permitting a new party to intervene following final judgment; reserving ruling on a motion to disqualify plaintiffs' counsel; and abating collection of a final money judgment. Because the court below was without jurisdiction to enter this order, we reverse the post-judgment order and dismiss the extraordinary writ in light of this decision.
On October 4, 2004, a final money judgment was entered below against Fernwoods Condominium Association # 2, Inc. in favor of Nancy and Fernando Rodriguez. No appeal was prosecuted from that judgment.
Almost a year and a half later, in February 2006, Fernwoods filed a Florida Rule of Civil Procedure 1.540(b) motion for relief from judgment. On March 10, 2006, that motion was denied. Fernwoods moved for rehearing and filed an amended rule 1.540(b) motion. On March 21, 2006, these motions also were denied. Eight days later, on March 29, 2006, Judge Jon I. Gordon entered an order granting an ore tenus motion made by Miriam Diaz-Octubre, a Fernwoods Condominium owner, to intervene in the action. In that same order, Judge Gordon also reserved ruling on a motion to disqualify Fernwoods' attorney and abated further collection activity. Judge Gordon simultaneously, but in a separate order, recused himself from the case.
*1202 Fernwoods appealed from the March 21 order denying the motion for rehearing of its rule 1.540(b) motion[1] and from the March 29 order granting intervention and abating collection. Octubre cross-appealed the March 10 order denying the rule 1.540(b) motion. The Rodriguezes cross-appealed the March 29 order permitting intervention and abating collection and also sought certiorari review of that order.[2] We consolidated the appeal and the petition for writ of certiorari for review.
Fernwoods has now dismissed its appeals from the March 21 and March 29 orders; Octubre has also dismissed her cross-appeal from the March 10 order. This leaves pending for resolution only the Rodriguez' cross-appeal of the March 29 order permitting Octubre to intervene and staying collection and their certiorari petition challenging the propriety of that same order. As the following cases establish, the March 29 order must be reversed:[3]Goolsby v. State, 914 So.2d 494, 496 (Fla. 5th DCA 2005) (concluding that "any order entered simultaneously with an order of recusal . . . [is] void and [has] no effect"); Barnett Bank of South Florida, N.A. v. Tarr, 557 So.2d 595, 595-96 (Fla. 4th DCA 1990) (holding that an order granted simultaneously with a recusal order is void, unless "the trial judge's written order . . . was but a reduction of an earlier adverse oral ruling made prior to the recusal"); Economic Dev. Corp. of Dade County, Inc. v. Turner, 485 So.2d 494, 494 (Fla. 3d DCA 1986) (quashing an order permitting intervention after judgment became final) (citing Dickinson v. Segal, 219 So.2d 435, 436 (Fla.1969) (stating that "the general ruleuniversallyis that intervention may not be allowed after final judgment")); Mellon United Nat'l Bank v. Cochran, 776 So.2d 964, 964 (Fla. 3d DCA 2000) (confirming that a stay of a money judgment pending execution may be obtained only by posting a bond as set forth in rule 9.310(b)); as well as Florida Rule of Appellate Procedure 9.310(b)(1) (requiring posting of a bond to secure a stay of a money judgment).[4]
Therefore, the March 29, 2006 order authorizing intervention, reserving ruling on a motion to disqualify plaintiffs' counsel, and abating or staying collection of the final judgment in the Rodriguez' favor is reversed. In light of this ruling, the petition for writ of certiorari is dismissed as moot and the motion for relief from stay carried with this proceeding is granted.
Reversed.
NOTES
[1] Because it was timely, we treat this appeal as an appeal from the March 10 order denying the rule 1.540 motion.
[2] The Rodriguezes also moved for relief from stay in this court, a request apparently addressed to the same March 29 order. We have carried that motion with the consolidated appeal and certiorari proceeding.
[3] We note that neither Fernwoods nor Octubre filed an answer brief in the pending cross-appeal from the March 29 order and although Octubre filed a response to the petition for writ of certiorari, she made no argument on the merits of the March 29 order arguing instead that the final judgment was void, an argument related only to her now dismissed cross-appeal.
[4] We also view Octubre's attempt to withdraw her motion to intervene filed in the court below while this appeal was pending as a concession that the March 29 order permitting her to intervene should be reversed.