*28
 
 WELLS, Judge.
 

 Fernwoods Condominium Association #2, Inc. (“Fernwoods”), a condominium association, appeals the order denying its motion for new trial and the amended final judgment which followed. We find no merit to Fernwoods’ argument that the orders must be reversed because when they were issued, Fernwoods’ post-trial motion to disqualify was pending. Here, the trial judge ruled orally before any motion to disqualify was filed, and the orders under review were no more than ministerial actions reducing those oral rulings to writing. Accordingly, we affirm.
 

 Fernwoods brought suit for breach of fiduciary duty and breach of contract against its director, Angel Alfredo Alonso and its property manager, T & G Management Services, Inc. Following a jury trial, Judge William Thomas entered final judgment in Alonso and T & G’s favor, and awarded them their fees and costs. Fern-woods filed a motion for a new trial and a motion to vacate the final judgment. Before the hearings on those motions, Judge Thomas, being relatively new to the civil bench, contacted Fernwood’s counsel, asking if after the case was over, counsel would give him some “constructive criticism” on how he had conducted the trial. At the time of the hearing on Fernwoods’ motions for new trial and motion to vacate, Fernwood’s counsel had yet to give any “feedback” and likewise had not filed any motion to disqualify.
 

 On April 17, 2009, the lower court held a hearing on Fernwoods’ two motions; the trial judge orally denied the motion for new trial, but granted the motion to vacate, agreeing that he had mistakenly awarded fees and costs, when he should have reserved jurisdiction on that issue. The judge concluded: “I’ll enter a new Final Judgment that simply says everything except — I’ll take out the entitlement to attorney’s fees and say the Court reserves jurisdiction to determine whether or not the attorneys are entitled to fees and costs.” In response to which Fern-woods’ counsel said: “That would be fine.”
 

 Judge Thomas, also took that opportunity to disclose his earlier conversation with Fernwoods’ counsel:
 

 I called Mr. Manzini and I said to Mr. Manzini, after the trial is over — Well actually, I said to Mr. Manzini you’ve been doing this a long time. After, I’d love to sit down with you and get some feedback in terms of how the Court, you know, any suggestions because I’m ... ten weeks forward in civil and you know I’ve never really done a civil case or docket and that type of thing and, you know, just want feedback from people just to kind of put you in the right direction on those things where they think you may be going down the wrong road and I don’t want compliments. I told Mr. Manzini I don’t want your compliments. I want your constructive criticism and so, yeah, I told him that.
 

 Having made his oral rulings on the motion for new trial and to amend final judgment, the hearing concluded. The judge issued a written order denying the motion for new trial that same day, April 17, 2009. On April 20, 2009, Fernwoods filed its motion to disqualify Judge Thomas on the basis of the communication described above and other perceived irregularities. On April 28, 2009, Judge Thomas entered an amended final judgment consistent with his April 17th oral ruling — reserving jurisdiction on fees and costs.
 

 On April 30, 2009, Judge Thomas entered an order acknowledging that he had asked Fernwoods’ counsel if, when the case concluded, counsel would provide some constructive criticism, disputing all other perceived irregularities, and disqualifying himself from the case. On May 6,
 
 *29
 
 2009, citing the disqualification, Fernwoods filed a motion with the lower court under Florida Rule of Judicial Administration 2.330(h),
 
 [1]
 
 seeking to have the successor judge assigned to the case reconsider both the amended final judgment and the order denying new trial. Before the Rule 2.330(h) motion was heard, however, on May 27, 2009, Fernwoods filed its notice of appeal.
 

 We affirm both the denial of new trial and the amended final judgment. No miscarriage of justice occurred. It is well settled in Florida that a disqualified judge may enter orders that are part of his/her ministerial duties, including reducing to writing oral rulings made
 
 prior
 
 to a motion to disqualify:
 

 A motion for recusal is considered untimely when delayed until after the moving party has suffered an adverse ruling unless good cause for delay is shown.
 
 Data Lease Financial Corp. v. Blackhawk Heating & Plumbing Co.,
 
 325 So.2d 475 (Fla. 4th DCA 1975). When a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing.
 
 Atrio [Consol. Indus., Inc. v. Southeast Bank,
 
 434 So.2d 349 (Fla. 3d DCA 1983)];
 
 Schwartz [v. Schwartz,
 
 431 So.2d 716 (Fla. 3d DCA 1983)];
 
 Coastal Petroleum Co. v. Mobil Oil Corp.,
 
 378 So.2d 336 (Fla. 1st DCA),
 
 cert. denied,
 
 386 So.2d 635 (1980).
 

 Fischer v. Knuck,
 
 497 So.2d 240, 243 (Fla.1986);
 
 see Sibley v. Sibley,
 
 885 So.2d 980, 984 n. 3 (Fla. 3d DCA 2004) (“When a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing.” (quoting
 
 Fischer,
 
 497 So.2d at 243)).
 

 Thus, while Judge Thomas may not have been authorized to enter any order on matters arising
 
 after
 
 the motion to disqualify was filed, April 20, 2009, he certainly was authorized to reduce to writing his rulings issued
 
 prior
 
 to April 20, 2009. This is especially true considering the relief sought and granted, and counsel’s agreement to same at the hearing below.
 

 Accordingly, the orders under review are affirmed without prejudice for the successor judge to consider Fernwoods’ Rule 2.330 motion that remains pending in the lower court.
 

 Affirmed.
 

 [1]
 

 . Florida Rule of Judicial Administration 2.330(h) provides:
 

 Prior Rulings. Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.