BENTON, C.J.
 

 Lance Block, P.A. (Block) appeals a non-final order compelling arbitration in an interpleader action it brought in circuit court.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(C)(iv). Block contends that the order compelling arbitration is void because the trial judge simultaneously entered an order of recusal. We vacate the order compelling arbitration on this ground, and remand for reconsideration by the successor judge.
 

 A dispute among lawyers or law firms, the underlying controversy has to do with the division of legal fees. Alleging it was entitled to attorney’s fees the Legislature authorized in a claims bill, Block filed a complaint naming Searcy, Denney, Scaro-la, Barnhart and Shipley, P.A. (Searcy Denney) and Corcoran & Associates as defendants.
 
 See
 
 Fla. R. Civ. P. 1.240 (“It is not ground for objection ... that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants.”).
 

 Count II alleged that Searcy Denney might assert an interest in the fees under an employment agreement Lance Block and Searcy Denney entered into in 1991. Searcy Denney moved to sever count II and compel arbitration, on the ground that the employment agreement contained a mandatory arbitration clause.
 
 [1]
 
 After a hearing on the motion, the trial court took the matter under advisement.
 

 The trial court granted the motion in due course, but on the same day the trial judge ordered arbitration, he entered an order of recusal
 
 ex mero motu.
 
 The basic rule is clear: “Once a trial judge
 
 *1124
 
 recuses himself from a given case, any subsequent orders he enters in that case are void and have no effect.”
 
 Davis v. State,
 
 849 So.2d 1137, 1138 (Fla. 1st DCA 2003).
 
 See also Goolsby v. State,
 
 914 So.2d 494, 496-97 (Fla. 5th DCA 2005) (“Any order entered by a recused judge is void. A void order has no force or effect and is a nullity.” (citations omitted)).
 
 [2]
 
 Outside the parties’ presence, both orders in the present case were signed and filed on the same day. Only one of the orders has a time stamp.
 
 [3]
 
 The order of recusal is listed on the docket sheet just above the order requiring arbitration.
 

 It is also clear that “[a]ny order entered simultaneously with the order of recusal is void.”
 
 Dream Inn, Inc. v. Hester,
 
 691 So.2d 555, 556 (Fla. 5th DCA 1997). Decisions that have applied the rule that an order entered simultaneously with an order of recusal is void have not, however, paused to define “simultaneously” See
 
 Rodriguez v. Fernwoods Condo. Ass’n #2, Inc.,
 
 957 So.2d 1201 (Fla. 3d DCA 2007);
 
 Barnett Bank of S. Fla., N.A. v. Tarr,
 
 557 So.2d 595 (Fla. 4th DCA 1990);
 
 Barnett Bank of St. Lucie Cnty. v. Garrett,
 
 468 So.2d 467 (Fla. 4th DCA 1985). We need not offer a comprehensive definition, either, but we are confident “simultaneously” means something broader than the judge’s grasping a pen in either hand in order to sign two orders at once.
 

 The trial judge recused himself in the present case because, eight days before the hearing on the motion to compel arbitration, another circuit judge (a colleague in the Second Circuit) filed a motion for leave to intervene, asserting rights to part of the fees in question. Whatever the sequence of these two orders, therefore, he may well have known of the grounds for the recusal order
 
 [4]
 
 when he entered the order requiring arbitration. In these circumstances, since it is not clear which one was signed or filed first, the orders should be deemed to have been entered and rendered simultaneously.
 
 See Losh v. Brown,
 
 6 Vet.App. 87, 89 (Vet.App.1993) (stating as the general rule that “a day is to be considered as an indivisible unit or period of time, and acts done or events occurring during the day are not referable to any portion of the day more than any other portion thereof, and are therefore to be regarded as occurring at the same time,” unless “priority between two occurrences on the same day can actually be established”).
 

 On these narrow grounds — without expressing any view on the merits of the order requiring arbitration — we vacate the order requiring arbitration, and remand for further proceedings in the trial court.
 

 WETHERELL and RAY, JJ., concur.
 

 [1]
 

 . Searcy Denney attached the arbitration provision of the employment agreement:
 

 All controversies arising out of or connected with this Professional Employment Agreement, including any of its terms or conditions, the transactions contemplated hereby, or the alleged breach or enforceability of any of its terms or conditions, and including any controversy as to whether or not such dispute is arbitrable, shall be set-tied by arbitration in accordance with the rules then in effect of the Florida Arbitration Code, F.S. 682_The decision of the arbitrators, including a determination of the amount of damages suffered, shall be exclusive, final and binding upon the parties hereto, their heirs, successors and assigns .... The parties agree to consider themselves to be bound by any award pursuant to this paragraph.
 

 [2]
 

 .There is an exception to the rule forbidding a recused or disqualified judge from entering an order: "When a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing."
 
 Fischer v. Knuck,
 
 497 So.2d 240, 243 (Fla.1986). In the present case, Searcy Denney argues that the trial judge made comments that "strongly suggested he was going to grant the motion." But the judge did not make a ruling, and stated that he would rule only after reading the cases counsel had provided him.
 

 [3]
 

 . In Searcy Denney's appendix, the trial court's arbitration order has a time stamp indicating it was filed at 2:51 p.m. on May 13, 2011, but no copy of the order of recusal reflects any time stamp.
 

 [4]
 

 . We express no view on the desirability or necessity of recusal or disqualification in these circumstances.