MARION F. EDWARDS, Judge.
Defendant James S. Conner, Sr., appeals a summary judgment finding that he was no longer empowered to act as attorney-in-fact for Mrs. Katherine Agnes Graf-fagnino, and ordering an accounting. We affirm.
On December 4, 2000, Mrs. Graffagnino appointed defendant Conner as mandatary on her account with Fidelity Homestead Association. On December 19, 2000, she executed a procuration to defendants Conner and his daughter, Vannessa LaBeaud, appointing them as “true and lawful attorneys-in-fact.”
On May 11, 2001, Mrs. Graffagnino issued an affidavit revoking the Power of Attorney to Conner and/or LaBeaud. On January 22, 2002, Mrs. Graffagnino was placed under full interdiction by judgment of the district court, with plaintiff Suzanne Turk named as her curatrix.
Pursuant to La.Civ.Code Art. 3032, an accounting was requested from Conner. Conner failed to comply with the request, and Turk filed a Petition To Compel Filing Of Account By Mandatary, requesting the court to order such | ¡¡account. The petition was subsequently amended and consolidated with the Succession of Frederick P. Engel. In brief, it is averred that Engel was Mrs. Graffagnino’s son and heir, and that Conner had been executor of that estate.
Turk filed a Motion for Summary Judgment. According to the transcript of the hearing, in addition to the Motion for Summary Judgment there was a hearing scheduled to remove Conner as executor, apparently of the Engel estate. The second motion was not heard because Connors’ attorney was not served with process. At the summary judgment hearing, as on this appeal, Conner appeared in proper person. Following the hearing, the trial court granted judgment in favor of Turk, declaring that Conner was no longer authorized to act on behalf of Mrs. Graf-fagnino in any way, and ordering Conner and LaBeaud file a full accounting for their terms as mandatories.
Attached to the Motion for Summary Judgment and to the several objections filed by Conner were a copy of the original Power of Attorney relative to Fidelity Homestead, in favor of Conner, dated December 4, 2000. The document was signed with an “X” or mark, witnessed by La-Beaud, and notarized.
The procuration in favor of Conner and LaBeaud, dated December 19, 2000, was similarly signed, witnessed by two persons, and notarized. The Power of Attorney declared that it “shall not be terminated by appearer’s incapacity, disability or any other condition making express revocation impossible or impracticable.” A copy of the affidavit dated May 11, 2001 and signed by Mrs. Graffagnino, declaring that she revoked the December 19, 2000 Power of Attorney, was attached, as were medical records introduced by Conner showing that on May 11, 2001, Mrs. Graffagnino was transferred to St. Charles General Hospital due to illness. The notary who executed the revocation, Gerard P. Archer, rendered an affidavit stating that he had met with Mrs. Graffagnino for several minutes prior to executing the document at St. Anthony’s Nursing Home, that she pheld a *674 coherent conversation and was able to understand what she was signing, and that in his opinion she appeared to have the necessary mental and physical capacity to execute the document.
Conner introduced an affidavit by Mrs. Graffagnino dated December 15, 2001 declaring that she was dismissing Eric Derbes as her attorney because “Mr. james S. Conner has been handleing [sic] my affairs legal and other wise [sic] for the past four and one half years and I am satisfied with his progress.” This affidavit was also marked with an “X” and notarized.
Turk attached the judgment signed on January 22, 2002, placing Mrs. Graffagnino under full interdiction and-appointing Turk as euratrix.
At the hearing, Conner argued that on the day the notarial act dismissing him as attorney was executed, he was with Mrs. Graffagnino at St. Charles General Hospital, at which time she could neither walk nor write, due to an earlier stroke. Conner alleged that someone forged the document. He also argued that the original procuration was irrevocable, and that he had already filed an accounting. Counsel for Turk pointed out to the court that Mrs. Graffagnino was not admitted to St. Charles until 1545 (3:45 p.m.) on May 11, and that her activities prior to that time had not been shown. It was further urged that the accounting by Conner was part of the Succession of Engel, not a response to the request in the present case.
The court found there that the interdiction precluded Conner from acting any further on behalf of Mrs. Graffagnino. Conner was granted 30 days in which to file his accounting. Ms. LaBeaud, Connors’ daughter, was present in the courtroom, and was given 30 days in which to file a written document stating that she had not handled any of the funds involved. She has not appealed 'the judgment.
Appellate courts review summary judgments de novo, using the same criteria applied by the trial court to determine whether a summary judgment is | ¡^appropriate.[1] A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied.[2] The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.[3]
The mover bears the burden of proof. Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain.[4] When a summary judgment movant makes a prima facie showing that its motion should be granted, the burden shifts to the nonmov-ant to present evidence demonstrating that material factual issues remain and that he *675 will be able to satisfy his evidentiary burden of proof at trial.[5]
According to La. C.C. art. 3024, both the mandate and the authority of the manda-tary terminate upon the interdiction of the mandatary. La. C.C. art. 3032 states that upon termination of the mandate, unless this obligation has been expressly dispensed with, the mandatary is bound to account for his performance to the principal.
Notwithstanding allegations of fraud and deceit made by Conner, the record shows a valid judgment of full interdiction, which under the law terminated any previous power of attorney. A full interdict lacks the capacity to make a juridical act, except as otherwise provided by law. La.C.C. art. 395. Conner failed to come forth with proof that an accounting had been expressly dispensed with at any time Rby the principal, Mrs. Graffagnino. Ms. Turk was named curatrix in the interdiction and as such, had the right to demand an accounting on Mrs. Graffagnino’s behalf.
Turk carried her burden of proof that there was no question of material fact and that she was entitled to judgment as a matter of law. Accordingly, we affirm the summary judgment finding that Conner was no longer authorized to act on behalf of Mrs. Graffagnino and ordering an accounting for his term as mandatary.

AFFIRMED.

. Magic Moments Pizza, Inc. v. Louisiana Restaurant Ass’n., 02-160 (La.App. 5 Cir. 5/29/02), 819 So.2d 1146, 1149; Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, 866, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636.

. Susananbadi v. Johnson, 97-91 (La.App. 5 Cir. 9/17/97), 700 So.2d 886.

. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.

. Perricone v. East Jefferson General Hosp., supra.

. LSA-C.C.P. art. 966; Black v. Avondale Industries, Inc., 00-1511 (La.App. 5 Cir. 3/28/01), 783 So.2d 505, 508.