MADELINE JASMINE, Judge Pro Tempore.
 

 12PIaintiff, Charlen Hill Womack, appeals the trial court’s judgment dismissing her Petition of Interdiction regarding her mother, Eva Mae Cathcart Stephenson, the defendant. On appeal, plaintiff argues that the trial court erred in granting the judgment without allowing a hearing in which the parties could present evidence regarding Mrs. Stephenson’s condition, and also whether her interests were being protected under the durable power of attorney held by Scott Hill, Mrs. Stephenson’s son and plaintiffs brother.
 
 [1]
 
 Plaintiff also argues that the trial court erred in ruling that a power of attorney “overruled” an interdiction proceeding.
 

 FACTS AND PROCEDURAL HISTORY
 

 On June 28, 2007, appellant and her daughter, Danielle Resseguet, filed a Petition for Interdiction asking that the trial court permanently interdict Mrs. Stephenson, and appoint her and her daughter as curator and undercurator, | ^respectively. Tracy Sheppard was appointed curator to represent Mrs. Stephenson in this litigation. The curator filed Exceptions on October 15, 2007, requesting that the trial court dismiss the Petition. Mr. Scott Hill
 
 *2
 
 intervened on October 25, 2007, averring that an interdiction was unnecessary because Mrs. Stephenson’s interests were being protected by less restrictive means than interdiction, namely two durable powers of attorney that Mrs. Stephenson executed in 2000.
 

 Previously, on November 13, 2000, Mrs. Stephenson had executed a Conditional Procuration and Power of Attorney in favor of Mr. Hill, and a Medical Power of Attorney in favor of her husband, Warren C. Stephenson, and her son, Mr. Hill.
 
 [2]
 
 Both powers of attorney were durable powers that would not be revoked by Mrs. Stephenson’s subsequent disability or capacity.
 

 The trial for the Interdiction was set for February 12, 2008. On that date, the parties appeared and conducted a pre-trial conference. The parties agreed that Mrs. Stephenson had severe Alzheimer’s disease, and currently resided on a locked unit in a nursing home. The curator appeared. Counsel for both parties made legal argument. No sworn testimony was taken. Appellant’s counsel indicated that she wished to go forward with the interdiction proceeding, noting her position that this was necessary to address the alleged mismanagement of Mrs. Stephenson’s affairs After taking time to attend to other matters on the docket, the trial court returned to this matter and summarily ruled, finding that the case should be dismissed because the power of attorney existed.
 

 ^ANALYSIS
 

 The appellant’s first Assignment of Error is that the trial court erred in finding that the existence of the procuration “trumps” the interdiction proceeding. We agree.
 

 LSA-C.C. art. 389 concerns interdiction and states:
 

 A court may order the full interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means.
 

 It is alleged that Scott Hill holds a conditional procuration executed by Mrs. Stephenson. LSA-C.C. art. 2987 provides:
 

 A procuration is a unilateral juridical act by which a person, the principal, confers authority on another person, the representative, to represent the principal in legal relations.
 

 The procuration may be addressed to the representative or to a person with whom the representative is authorized to represent the principal in legal relations.
 
 [3]
 

 LSA-C.C. art. 2989 provides that a procuration is subject to the rules governing mandate to the extent that the application of those rules is compatible with the nature of the procuration. Pertinent to this Assignment of Error, LSA-C.C. art. 3024 holds that both the mandate and the authority of the mandatary terminate upon the interdiction of the principal. The implication of this article is that merely because a person has issued a procuration or a contract of mandate does not mean that person can never subsequently be interdicted. Accordingly, we conclude that the existence of a procuration (or power of attorney) does not moot or “trump” an interdiction proceeding.
 
 See also Turk v. Conner,
 
 03-791 (La.App. 5 Cir. 12/9/03), 864 So.2d 672 (mandatary had no power to
 
 *3
 
 act on behalf of the mandator where the mandator was subsequently placed under full interdiction).
 

 [fiThe appellant next argues that the trial court erred in ruling before the parties were able to present evidence regarding Mrs. Stephenson’s infirmity and whether her interests can be protected by the less restrictive means of the procuration to Mr. Hill. We agree.
 

 LSA-C.C. art. 389 contemplates the establishment of two preconditions before an interdiction may be ordered: A determination of the defendant’s inability to make reasoned decisions regarding the care of her person and property;
 
 [4]
 
 AND a determination that her interests cannot be protected by less restrictive means. An example of “less restrictive means” are, among others, limited interdiction as per LSA-C.C. art. 390, and procurations.
 

 The fact that a less restrictive means, the procuration, is in effect does not end the inquiry. Plaintiff alleges, in her Petition, that Mrs. Stephenson’s interests in her property are not, in fact, being protected under the procuration in favor of Mr. Hill. Plaintiff is entitled to a hearing to determine whether or not Mrs. Stephenson’s interests can be protected by the procuration in favor of Mr. Hill or whether more restrictive means are warranted. The trial court erred in ruling before an evidentiary hearing was held on this issue.
 

 Accordingly, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Mr. Hill intervened in the suit, opposing the interdiction.
 

 [2]
 

 . Mr. Stephenson died prior to this litigation.
 

 [3]
 

 . Conditional procurations are defined by LSA-R.S. 9:3890.
 

 [4]
 

 . The transcript reveals that the parties were in agreement regarding Mrs. Stephenson’s condition. They agreed that she suffers from Alzheimer’s disease and cannot presently make reasoned decisions regarding her person and property.