PER CURIAM.
In this case we consider a criminal defendant’s effort to disqualify a judge whom the defendant alleges is a Facebook friend of the prosecutor assigned to his case. Finding that grounds for disqualification exist, we grant the petition for writ of prohibition.
Petitioner Pierre Domville moved to disqualify the trial judge. The motion was supported by an affidavit averring that the prosecutor handling the case and the trial judge are Facebook “friends.” This relationship caused Domville to believe that the judge could not “be fair and impartial.” Domville explained that he was a Face-book user and that his “friends” consisted “only of [his] closest friends and associates, persons whom [he] could not perceive with anything but favor, loyalty and partiality.” The affidavit attributed adverse rulings to the judge’s Facebook relationship with the prosecutor. The trial judge denied the motion as “legally insufficient.”
In determining the legal sufficiency of a motion to disqualify the trial judge, this court reviews the motion’s allegations under a de novo standard. See Peterson v. Asklipious, 833 So.2d 262, 263 (Fla. 4th DCA 2002). Florida Rule of Judicial Administration 2.330(f) requires a judge to grant disqualification if the motion to disqualify is “legally sufficient.” A motion is legally sufficient if ‘“the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.’ ” Brofman v. Fla. Hearing Care Ctr., Inc., 703 So.2d 1191, 1192 (Fla. 4th DCA 1997) (quoting Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981)). A mere “subjective fear[ ]” of bias will not be legally sufficient; rather, the fear must be objectively reasonable. Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986).
We find an opinion of the Judicial Ethics Advisory Committee to be instructive. See Fla. JEAC 0p.2009-20 (Nov. 17, 2009). There, the Committee concluded that the Florida Code of Judicial Conduct precludes a judge from both adding lawyers who appear before the judge as “friends” on a social networking site and allowing such lawyers to add the judge as their “friend.” The Committee determined that a judge’s listing of a lawyer as a “friend” on the judge’s social networking page — “[t]o the extent that such identification is available for any other person to view” — would violate Florida Code of Judicial Conduct Canon 2B (“A judge shall not ... convey or permit others to convey the impression that they are in a special position to influence the judge.”). See Fla. JEAC Op. 2009-20. The committee found that three elements are necessary in order to fall within the prohibition of Canon 2B:
1. The judge must establish the social networking page.
2. The site must afford the judge the right to accept or reject contacts or “friends” on the judge’s page, or denominate the judge as a “friend” on another member’s page.
3. The identity of the “friends” or contacts selected by the judge, and the judge’s having denominated himself or herself as a “friend” on another’s page must then be communicated to others.
Id. The committee noted that:
Typically, [the] third element is fulfilled because each of a judge’s “friends” may see on the judge’s page who the judge’s other “friends” are. Similarly, all “friends” of another user may see that the judge is also a “friend” of that user. It is this selection and communication process, the Committee believes, that violates Canon 2B, because the judge, by *186 so doing, conveys or permits others to convey the impression that they are in a special position to influence the judge.
Id. Further, the Committee concluded that when a judge lists a lawyer who appears before him as a “friend” on his social networking page this “reasonably conveys to others the impression that these lawyer ‘friends’ are in a special position to influence the judge.” Id. See also Fla. Code Jud. Conduct, Canon 5A.
The issue, however, is not whether the lawyer actually is in a position to influence the judge, but instead whether the proposed conduct, the identification of the lawyer as a “friend” on the social networking site, conveys the impression that the lawyer is in a position to influence the judge. The Committee concludes that such identification in a public forum of a lawyer who may appear before the judge does convey this impression and therefore is not permitted.
Fla. JEAC Op. 2009-20. Thus, as the Committee recognized, a judge’s activity on a social networking site may undermine confidence in the judge’s neutrality. Judges must be vigilant in monitoring their public conduct so as to avoid situations that will compromise the appearance of impartiality. The Commentary to Canon 2A explains that being a judge necessarily limits a judge’s personal freedom:
A judge must avoid all impropriety and the appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on the judge’s conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.
Fla. Code Jud. Conduct, Canon 2A, cmt.
Because Domville has alleged facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial, we quash the order denying disqualification of the trial judge and remand to the circuit court for further proceedings consistent with this opinion.
GROSS, GERBER and LEVINE, JJ., concur.