GERBER, J.,
concurring in part and dissenting in part.
I concur in the majority’s denial of the state’s motion for rehearing. I respectfully dissent from the majority’s granting of the state’s motion for certification of a question of great public importance.
The majority does not provide its reasoning for its conclusion that the certified question is one of great public importance. The only reasoning for its conclusion appears to be stated in the concurring opinion. I disagree with the concurring opinion’s reasoning.
The concurring opinion reasons that the ability of judges to participate in social media with attorneys who appear before them “is of great importance to many.” However, the concurring opinion does not cite any authority for that statement. On the contrary, as the concurring opinion recognizes, common sense suggests that the public, without question, would appear to desire otherwise: “Maintenance of the appearance of impartiality requires the avoidance of entanglements and relationships that compromise that appearance ... [A] person who accepts the responsibility of being a judge must also accept limitations on personal freedom.”
*180 Our original panel opinion, Domville v. State, 103 So.3d 184 (Fla. 4th DCA 2012), addressed the narrow issue which has led to the certified question. We concluded that, where the presiding judge in a criminal case had accepted the prosecutor assigned to the case as a Facebook “friend,” a reasonably prudent defendant would fear that he or she could not receive a fair and impartial trial, so that the defendant’s motion for disqualification should be granted. The occurrence of those facts in this case appears to be an isolated event, and understandably so. I see no basis to certify a question of great public importance.[1]

. The state’s motion for certification argued that this court’s original panel opinion raised a question of great public importance because the opinion allegedly "found unethical, reprimanded and disqualified [a sitting Circuit Judge] ... based on a trumped up 'ethical violation,’ without the Judge being given an opportunity to defend himself, or take corrective measures of the ethical impropriety.” It should go without saying that an appellate opinion granting a petition challenging the denial of a motion to disqualify in no way suggests that the subject judge is "unethical" or has been "reprimanded,” and we have not done so in this case. Further, it is well-established that ”[t]he judge against whom an initial motion to disqualify ... is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged.” Fla. R. Jud. Admin. 2.330(f) (2012). "If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.” Id.