COHEN, J.
Petitioner, Sandra Chace, seeks a writ of prohibition to quash the trial court’s order denying her motion to disqualify the trial judge presiding over her and Respondent *803 Robert Loisel, Jr.’s dissolution of marriage case. Upon review, we conclude that the trial court erred in denying Petitioner’s motion.
The following allegations formed the basis for Petitioner’s motion to disqualify. Prior to entry of final judgment, the trial judge reached out to Petitioner, ex parte, in the form of a Facebook “friend” request. Upon advice of counsel, Petitioner decided not to respond to that invitation. Thereafter, the trial court entered a final judgment of dissolution, allegedly attributing most of the marital debt to Petitioner and providing Respondent with a disproportionately excessive alimony award. Following entry of the final judgment, Petitioner filed a formal complaint against the trial judge, alleging that the judge sent her a Facebook “friend” request and then retaliated against Petitioner after she did not accept the request. Respondent later filed a motion for clarification of certain provisions in the final judgment, which is currently pending below. In the meantime, Petitioner had learned of other cases involving similar ex parte social media communications by the judge that resulted in her disqualification. Subsequently, the subject motion to disqualify was filed, a hearing was held on that motion, and the motion was denied as legally insufficient. The instant petition was then filed in this Court.[1]
If the grounds asserted in a motion for disqualification are legally sufficient to create a well-founded fear in the mind of a party that he or she will not receive a fair trial, it is incumbent upon a judge to disqualify herself. See Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986). To determine whether the motion is “legally sufficient,” this Court must resolve whether the alleged facts, which, accepted as true, would prompt a reasonably prudent person to fear that she could not get a fair and impartial trial before that judge. An affiant’s mere subjective fear is insufficient to form the basis for disqualification. Id.
It seems clear that a judge’s ex parte communication with a party presents a legally sufficient claim for disqualification, particularly in the case where the party’s failure to respond to a Facebook “friend” request creates a reasonable fear of offending the solicitor. The “friend” request placed the litigant between the proverbial rock and a hard place: either engage in improper ex parte communications with the judge presiding over the case or risk offending the judge by not accepting the “friend” request.
In Domville v. State, 103 So.3d 184 (Fla. 4th DCA 2012), rev. denied, State v. Domville, 110 So.3d 441 (Fla.2013), the Fourth District addressed a Facebook issue with regard to judges “friending” attorneys through social media. That court determined that a judge’s social networking “friendship” with the prosecutor of the underlying criminal case was sufficient to create a well-founded fear of not receiving a fair and impartial trial in a reasonably prudent person. Id.
We have serious reservations about the court’s rationale in Domville. The word “friend” on Facebook is a term of art. A number of words or phrases could more aptly describe the concept, including acquaintance and, sometimes, virtual strang *804 er. A Facebook friendship does not necessarily signify the existence of a close relationship. Other than the public nature of the. internet, there is no difference between a Facebook “Mend” and any other friendship a judge might have. Domr ville ⅛ logic would require disqualification in cases involving an acquaintance of a. judge. Particularly in smaller counties, where everyone in the legal community knows each other, this requirement is unworkable and unnecessary.[2] Requiring disqualification in such cases does not reflect the true nature of a Facebook friendship and casts a large net in an effort to catch a minnow.
That said, Domville was the only Florida case that discussed the impact of a judge’s social network activity and, as such, was binding upon the trial judge in this case. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (explaining that “in the absence of interdistrict conflict, district court decisions bind all Florida trial courts”). Although this case involves the “friending” of a party, rather than an attorney representing a party, for purpose of ruling on the motion to disqualify we find that the difference is inconsequential. In our view, the “friending” of a party in a pending case raises far more concern than a judge’s Facebook friendship with a lawyer.
Beyond the fact that Domville required the trial court to grant the motion to disqualify, the motion to disqualify was sufficient on its face to warrant disqualification. The trial judge’s efforts to initiate ex parte communications with a litigant is prohibited by the Code of Judicial Conduct and has the ability to undermine the confidence in a judge’s neutrality. The appear-anee of partiality must be avoided. It is incumbent upon judges to place boundaries on their conduct in order to avoid situations such as the one presented in this case.
Because Petitioner has alleged facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial, we quash the order denying the motion to disqualify and remand to the trial court for further proceedings consistent with this opinion. We trust that the issuance of a formal writ will be unnecessary.
PETITION GRANTED.
SAWAYA and PALMER, JJ., concur.

. On appeal, Respondent argues that the motion to disqualify was untimely under Florida Rule of Judicial Administration 2.330(e). However, the trial court based its denial of the motion on its legal insufficiency, not its untimeliness. Thus, the issue of timeliness is not before this Court. See Sania Catalina Townhomes, Inc. v. Mirza, 942 So.2d 462 (Fla. 4th DCA 2006). Rather, this Court must determine only whether the motion to disqualify is legally sufficient.

. Of course, there are situations in which a relationship between a judge and a litigant or attorney is so close that a judge should-recuse himself or herself. Most judges have standing orders of recusal in such circumstances, or absent such an order, can be subject to a motion to disqualify.