IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PHILLIP B. ISAN,

       Petitioner,

 v.                                    Case No.  5D16-3867

JILL R. ISAN,

       Respondent.

_____/

Opinion filed December 6, 2016

Petition for Writ of Prohibition,
Robert A. Wohn, Jr., Respondent Judge.

Douglas H. Reynolds, Stephanie D. Alexander, Henny L. Shomar and Stephanie C. Mazzola, of Tripp Scott, P.A., Fort Lauderdale, for Petitioner.

Wayne F. Jentis, of Law Offices of Wayne F. Jentis, Melbourne, for Respondent.

PER CURIAM.

Phillip Isan (Petitioner) petitions this court for a writ of prohibition to disqualify the Honorable Robert Wohn from presiding over Petitioner's marital dissolution case against Jill Isan (Respondent).  We grant the petition.

"Prohibition lies to review trial court orders denying motions to disqualify trial judges."  Martin v. State, 804 So. 2d 360, 362 (Fla. 4th DCA 2001) (citing MacKenzie v.

Super Kids Bargain Store, Inc., 565 So. 2d 1332, 1334 (Fla. 1990)).  Motions to disqualify are governed substantively by section 38.10, Florida Statutes (2016), and procedurally by Florida Rule of Judicial Administration 2.330.  See Krawczuk v. State, 92 So. 3d 195, 200 (Fla. 2012) (citing Parker v. State, 3 So. 3d 974, 981 (Fla. 2009)).  This rule provides that a motion to disqualify "shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling."  Fla. R. Jud. Admin. 2.330(e).  Pursuant to this rule, a judge against whom an initial motion to disqualify has been directed shall determine only the legal sufficiency of the motion without passing on the truth of the facts alleged.  Fla. R. Jud. Admin. 2.330(f).  The legal sufficiency of the motion turns on whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial hearing.  See MacKenzie, 565 So. 2d at 1335; Livingston v. State, 441 So. 2d 1083, 1087 (Fla. 1983).  This Court has written:

> If the grounds asserted in a motion for disqualification are legally sufficient to create a well-founded fear in the mind of a party that he or she will not receive a fair trial, it is incumbent upon a judge to disqualify herself. To determine whether the motion is "legally sufficient," this Court must resolve whether the alleged facts, which, accepted as true, would prompt a reasonably prudent person to fear that she could not get a fair and impartial trial before that judge. An affiant's mere subjective fear is insufficient to form the basis for disqualification.

Chace v. Loisel, 170 So. 3d 802, 803 (Fla. 5th DCA 2014) (citations omitted).

Here, Petitioner argues that the petition should be granted because his disqualification motion was timely and legally sufficient in light of case law addressing ex parte communications.  See Rose v. State, 601 So. 2d 1181, 1183 (Fla. 1992) ("Nothing is more dangerous and destructive of the impartiality of the judiciary than a one-sided

communication between a judge and a single litigant."); <u>Klapper-Barrett v. Nurell</u>, 742 So. 2d 851, 853 (Fla. 5th DCA 1999) (reiterating that there is a strong public policy against ex parte communications between a judge and litigant). We agree.

Petitioner's motion alleged the trial judge engaged in ex parte communications with Respondent on several occasions before entering a Final Judgment nearly identical to Respondent's proposed final judgment, including awarding attorney's fees. This is sufficient on its face to demonstrate that a reasonably prudent person would be in fear of not receiving a fair and impartial hearing. Accordingly, the writ of prohibition shall issue, and Judge Wohn is disqualified from further participation in this case.

PETITION GRANTED; WRIT ISSUED.

ORFINGER, BERGER and WALLIS, JJ., concur.

3