PER CURIAM.
Alexandra A. Cancel petitions this Court for a writ of prohibition to review the denial of her motion to disqualify the Honorable Luis F. Calderon from presiding over her child relocation case against Roberto Montanez. We grant the petition.
We review trial court orders denying motions to disqualify trial judges by prohibition. Isan v. Isan, 209 So.3d 40, 41 (Fla. 5th DCA 2016). Motions to disqualify are governed procedurally by Florida Rule of Judicial Administration 2.330. See Wall v. State, 238 So.3d 127, 142 (Fla. 2018) ; Krawczuk v. State, 92 So.3d 195, 200 (Fla. 2012). Specifically, the motion to disqualify "shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling." Fla. R. Jud. Admin. 2.330(e). Upon receiving the motion, the judge shall determine only the legal sufficiency of the motion without passing on the truth of the facts alleged. Fla. R. Jud. Admin. 2.330(f). The test for determining the legal sufficiency of a motion for disqualification is whether "the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial." Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). Here, the facts presented in the affidavit, which we must presume to be true, are sufficient to prompt Cancel to fear that she cannot get a fair hearing.
Accordingly, we grant the petition for writ of prohibition, quash the order denying the motion for recusal, and remand this case for assignment to a different trial judge.
PETITION GRANTED; ORDER QUASHED.
PALMER, ORFINGER and TORPY, JJ., concur.