DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAREN ERREN,**
Petitioner,

v.

**EDUARDO MARIN,**
Respondent.

No. 4D22-2515

[March 8, 2023]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren Shull, Judge; L.T. Case No. 502019DR004860XXXXMBFA.

Caryn A. Stevens, Eddie Stephens, and Gina Szapucki of Stephens & Stevens, PLLC, West Palm Beach, for petitioner.

No appearance for respondent.

PER CURIAM.

Petitioner Karen Erren ("Former Wife") seeks review of a trial court order denying her motion to disqualify the judge from presiding over her case. We conclude that Former Wife's motion to disqualify was legally sufficient and thus grant her petition for writ of prohibition.

## Background

This action arises out of Respondent Eduardo Marin's ("Former Husband") petition for upward modification of alimony. After a lengthy period of inaction on this petition, an order was entered requiring the parties to attend mediation. Former Wife filed a motion to vacate the referral-to-mediation order and to dismiss Former Husband's petition based on his continued lack of prosecution. This motion was scheduled on the trial court's August 16, 2022 motions calendar.

One day before the scheduled hearing, Former Husband filed a motion to compel mediation and for an award of attorney's fees. This notice did not indicate that the hearing would be evidentiary in nature. Both motions

were heard by the trial court on August 16, 2022. Following the hearing, the trial court issued an August 29, 2022 order noting Former Wife's absence from the July 22 hearing and finding:

> [I]t is undisputed that, Former Wife's office scheduled the August 16, 2022 hearing while the Former Husband's counsel was out of the office ill with COVID-19 and thereafter kept the hearing date when informed that Former Husband's counsel was and is ill with COVID-19 against the Florida Bar Mental Health and Wellness initiative and The Florida Bar professional expectations.

Consequently, the trial court granted Former Husband's motion for attorney's fees and costs and to compel the parties to attend mediation. The trial court also denied Former Wife's motion to vacate.

Former Wife filed a motion for rehearing and/or reconsideration, arguing that the court's August 29 order "rubber stamped" a proposed order that was drafted by Former Husband's counsel and submitted via ex-parte communication to the judge. Former Wife further alleged the trial court made evidentiary findings at a non-evidentiary hearing. The trial court denied this motion without explanation.

Thereafter, Former Wife filed a motion to disqualify the judge, raising the same arguments as in her motion for rehearing and expressing her fear that she would not receive fair hearings if the case remained assigned to the judge. The judge denied this disqualification motion, finding it was "legally insufficient."

Former Wife timely filed a petition for writ of prohibition, asking this Court to disqualify the judge from the case. Despite two orders to show cause that stayed the proceedings below and required Former Husband to file a response to the petition for prohibition, Former Husband has made no appearance before this Court.

## Analysis

A *de novo* standard of review applies in determining whether a motion to disqualify a judge is legally sufficient. *Arbelaez v. State*, 898 So. 2d 25, 41 (Fla. 2005). The legally sufficient standard "requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." *Rodriguez v. State*, 919 So. 2d 1252, 1274 (Fla. 2005); *see also Aberdeen Prop. Owners Ass'n, Inc. v. Bristol Lakes Homeowners Ass'n, Inc.*, 8 So. 3d

469, 471 (Fla. 4th DCA 2009).  A party's subjective fear of judicial bias is insufficient to support judicial disqualification.  *Arbelaez*, 898 So. 2d at 41.  Instead, the fear must be objectively reasonable.  *Id.*

In support of her motion to disqualify, Former Wife sets forth "alleged facts" that created a "fear of not receiving a fair and impartial trial": (1) ex parte communications by virtue of Former Husband submitting a proposed order to the trial court without also serving it on Former Wife; (2) the judge's "rubber stamping" of Former Husband's proposed order, adopting the language verbatim; and (3) the judge making evidentiary findings at a hearing noticed as a "scheduling hearing."

The Florida Supreme Court has recognized that "[n]othing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant." *Rose v. State,* 601 So. 2d 1181, 1183 (Fla. 1992).  We have also opined that the trial court's failure to allow a party the opportunity to review an opposing order before issuing that order constitutes egregious error.  *Santini v. Cleveland Clinic Fla.,* 65 So. 3d 22, 39 (Fla. 4th DCA 2011).

"When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case." *Perlow v. Berg-Perlow,* 875 So. 2d 383, 390 (Fla. 2004).  This is because even a single act of ex parte communication can be sufficient for judicial disqualification. *R.J. Reynolds Tobacco Co. v. Alonso,* 268 So. 3d 151, 154 (Fla. 4th DCA 2019); *see also Isan v. Isan,* 209 So. 3d 40, 42 (Fla. 5th DCA 2016) (disqualification of a trial judge who engaged in ex parte communications with the respondent and entered a final judgment that was nearly identical to the proposed final judgment submitted by the respondent).

It is also concerning that, following a scheduled non-evidentiary hearing, the trial court's order "finds" that Former Wife violated the "Florida Bar Mental Health and Wellness initiative" and "The Florida Bar professional expectations."  The order provides no explanation how the purported "Florida Bar Mental Health and Wellness initiative" was violated, or which "Florida Bar professional expectations" were not met. Expanding a non-evidentiary hearing into an evidentiary one without prior notice to the parties is generally inappropriate.  *See, e.g., Perez v. Maldonato,* 324 So. 3d 1011, 1013 (Fla. 3d DCA 2021); *Pinnock v. Whyte,* 209 So. 3d 71, 73 (Fla. 3d DCA 2016).  As such, the trial court violated Former Wife's right to "a full and fair opportunity to be heard in judicial

proceedings." *Julia v. Julia*, 146 So. 3d 516, 521 (Fla. 4th DCA 2014) (quoting *Cole v. Cole*, 159 So. 3d 124, 125 (Fla. 3d DCA 2013)).

## Conclusion

Former Wife's motion to disqualify the judge was legally sufficient, as she "alleged facts" supporting a well-founded fear she will not receive a fair and impartial adjudication. Accordingly, we grant the petition for writ of prohibition and remand the case for reassignment to a different judge.

*Petition granted and the case remanded for further proceedings.*

KLINGENSMITH, C.J., LEVINE, and FORST, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***