# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3604
LT Case No. 2022-CA-000198

———————————————

GRANADA INSURANCE COMPANY,

    Petitioner,

    v.

YORDALIS LOPEZ, PEDRO
MARTINEZ FERNANDEZ,
NICHOLAS JOSEPH BYRD, and
ANGELA JEAN JACKSON,

    Respondents.

———————————————


Petition for Writ of Prohibition.
Eric C. Roberson, Respondent Judge.

John Bond Atkinson and John P. Robins, of Atkinson, P.A.,
Miami, for Petitioner.

No Appearance for Respondents.

May 24, 2024


PER CURIAM.

    Granada Insurance Company ("Petitioner") petitions this Court for a writ of prohibition to disqualify the circuit judge who is presiding over its case against Respondents. We deny the petition because Petitioner did not timely move for disqualification below.

## I.

In the underlying civil litigation, Petitioner seeks recission of a commercial automobile policy under section 627.409, Florida Statutes. In the alternative, Petitioner's suit seeks a declaration that Petitioner has no obligation to defend or indemnify Respondents regarding a 2021 motor vehicle accident.

In March 2023, Petitioner and one of the respondents entered a joint stipulation in which the respondent admitted that she had provided false information in her application for the insurance policy, and Petitioner returned the policy premiums that had been paid. The stipulation states that Petitioner would not have issued the policy had it known the information was false. In July 2023, Petitioner moved for summary judgment based on the stipulation, and Respondents did not contest or dispute the motion.

The court heard the summary judgment motion on September 19, 2023. During the hearing, the judge made several disparaging comments about the stipulation, calling it "nothing short of a conspiracy" and opining that the stipulation "stinks to high heaven." The judge expressed disbelief that Petitioner was unaware of the problem with the insurance application at the time it issued the policy. The judge then orally denied the summary judgment motion, reiterating his disparaging view of the stipulation, which he called "y'all's little agreement" and "this little deal with the devil." Petitioner did not ask the judge to recuse himself at the hearing.

On September 29, 2023, the court entered a written order denying summary judgment. Consistent with the oral ruling, the order reiterated the judge's reproach of the stipulation, characterizing it as "painfully close to insurance fraud." On October 6, Petitioner moved for reconsideration, framing the judge's comments as legal and factual errors. That motion did not seek recusal, and the court denied it without elaboration on October 24.

On November 1, Petitioner filed a motion to disqualify the judge. The court denied the motion without elaboration on

2

November 8. That same day, Petitioner filed its petition for writ of prohibition in this Court.

## II.

Rule 2.330(g) of the Florida Rules of General Practice and Judicial Administration provides that "[a] motion to disqualify shall be filed within a reasonable time not to exceed 20 days after discovery by the party or party's counsel, whichever is earlier, of the facts constituting the grounds for the motion." Fla. R. Gen. Prac. & Jud. Admin. 2.330(g). Petitioner filed its motion to disqualify more than twenty days after the judge's comments and oral ruling during the summary judgment hearing. Petitioner nonetheless suggests that its motion to disqualify was timely because its fear that it would not receive a fair trial, *see* § 38.10, Fla. Stat. (2023), did not "crystalize" until the trial court denied its motion for reconsideration.

We disagree. Rule 2.330's time limit runs from the moment at which the movant or its counsel discovers the facts that warrant disqualification. Here, those facts were the judge's comments concerning the stipulation, and the judge's oral denial of summary judgment reiterating those comments—all of which transpired during the summary judgment hearing on September 19, 2023. The court's later unelaborated denial of the motion for reconsideration added nothing to what the court said during the summary judgment hearing. *See Fischer v. Knuck*, 497 So. 2d 240, 243 (Fla. 1986) (concluding that a disqualification motion was untimely where "the asserted bias and prejudice did not 'dawn on' petitioner until she suffered the adverse ruling by the judge"). Moreover, we are mindful that the legal test for disqualification is when facts give rise to a well-founded fear that a party will not receive a fair trial, *see Mackenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332, 1335 (Fla. 1990); *Fischer*, 497 So. 2d at 242; *Chace v. Loisel*, 170 So. 3d 802, 803 (Fla. 5th DCA 2014)—not when such a fear culminates in an adverse ruling.

## III.

Because Petitioner's motion to disqualify was untimely under Rule 2.330, we deny the petition. We do not otherwise rule on the legal sufficiency of Petitioner's motion to disqualify. Indeed, on

review of the motion's allegations and the record, we find the judge's comments troubling, and we remind him that he has authority to enter an order of disqualification on his own initiative. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(i).

PETITION DENIED.

WALLIS, HARRIS, and PRATT, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---